lml
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JAMES VAN HOUTEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 05-3377-JAR |
| ) | |
| ) | |
| **CSI ANDREW GASKILL,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff James Van Houten, proceeding pro se, filed this action alleging defendant CSI Andrew Gaskill violated his Eighth and Ninth Amendment rights. This matter comes before the Court on a Motion to Dismiss for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6) filed by the defendant (Doc. 8). For the reasons explained below, the motion is granted in part and denied in part.

*Factual Background*

Consistent with the well established standards for analyzing a motion to dismiss for failure to state a claim, the Court will look no further than the allegations in plaintiff's complaint, which the Court accepts as true.[1]

Plaintiff is an inmate currently in the custody of the Kansas Secretary of Corrections and confined at the El Dorado Correctional Facility ("EDCF") in El Dorado, Kansas. Plaintiff alleges that defendant Gaskill, a state official, subjected him to excessive force in an incident on

---

[1] *Alexander v. Oklahoma*, 382 F.3d 1206, 1214 (10th Cir. 2004) (it is generally unacceptable for the court to look beyond the four corners of the complaint when deciding a Rule 12(b)(6) motion to dismiss).

May 12, 2004, when he was punched in the face twice by Officer Gaskill.  Plaintiff was restrained at the time of the incident, and claims that he suffered scrapes, cuts and abrasions to his face.  He alleges that this action violated his Eighth and Ninth Amendment rights.  Plaintiff requests the following relief: (1) $25,000 punitive damages; (2) the criminal indictment of Officer Gaskill; and (3) the firing or demotion of Officer Gaskill.

Defendant moves to dismiss plaintiff's case because his § 1983 claim fails to state a claim upon which relief may be granted.  Defendant argues: (1) a request for solely punitive damages is not cognizable in federal court; and (2) federal courts do not have the jurisdiction either to force an indictment upon the defendant or to force the defendant to be fired or demoted.

### *Standard of Review*

The court will dismiss a cause of action for failure to state a claim only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief,"[2] or when an issue of law is dispositive.[3]  The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff.[4]  The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[5]  In a pro se case, the pro se litigant's pleadings are to be

---

[2] *Aspenwood Investment Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

[3] *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

[4] *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1088 (10th Cir. 2003).

[5] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

liberally construed and are held to a less stringent standard.[6]

*Discussion*

Defendant does not argue that plaintiff's claim has no merit but rather, that the court lacks jurisdiction to grant the requested relief. Both legal and equitable relief are available under § 1983 against individuals whose conduct is violative of these constitutional protections. Plaintiff's complaint seeks no specific compensatory damages, only punitive damages and other affirmative relief. Generally speaking, when a plaintiff does not include a prayer for compensatory damages, punitive damages are not available. Nevertheless, the fact that plaintiff ought to be afforded an opportunity to test his claim on the merits if the underlying facts and circumstances may be a proper subject of relief leads the Court to conclude that his Complaint should be liberally construed to assert a claim for at least nominal damages.[7] Plaintiff's Complaint alleges that defendant struck him twice in the face while he was in restraints, and that he suffered scrapes, cuts and abrasions to his face. The nature of a plaintiff's injuries is only one factor in the determination of whether the use of force constituted an Eighth Amendment violation.[8] When a prison official maliciously and sadistically uses force to cause harm to a prisoner, the Eighth Amendment is violated, regardless of whether significant injury results.[9] Thus, the Court will deny defendant's motion to dismiss on these grounds.

As for the other relief requested, this Court's ability to order prospective relief by

---

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *See generally Foman v. Davis*, 371 U.S. 178, 182 (1962) (discussing nature of leave to amend complaint).

[8] *Hudson v. McMillian*, 503 U.S. 1, 9-11 (1992).

[9] *Jackson v. Austin*, 241 F. Supp. 2d 1313, 1319 (D. Kan. 2003) (citing *Whitley v. Albers*, 475 U.S. 312, 327 (1986)).

3

mandatory and prohibitory injunctions has been limited by the Prison Litigation Reform Act ("PLRA") in 18 U.S.C. § 3626(a)(1)(A), which reads as follows:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

A decision whether or not to indict or charge a person with a crime has long been regarded as the special province of the Executive Branch, inasmuch as it is the Executive who is charged by the Constitution to "take Care that the Laws be faithfully executed."[10] Moreover, whether to fire or demote an employee is a personnel issue beyond the jurisdiction of this Court. Thus, defendant is correct that plaintiff cannot assert these claims for affirmative relief.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to dismiss (Doc. 8) is GRANTED with respect to his claims for affirmative relief and DENIED with respect to his claim for damages.

IT IS SO ORDERED.

Dated this  22nd  day of March 2006.

                                           S/ Julie A. Robinson
                                           Julie A. Robinson
                                           United States District Judge

---

[10] U.S. Const., Art. II, § 3.